**IQ PRODUCTS COMPANY, Petitioner**

v.

**UNITED STATES DEPARTMENT OF TRANSPORTATION and Pipeline and Hazardous Materials Safety Administration, Respondents**

**No. 16–1259**

United States Court of Appeals, District of Columbia Circuit.

**JUNE 8, 2017**

David A. Barrett, Karen Chesley, Nicholas A. Gravante, Jr., Gary R. Studen, Boies Schiller Flexner LLP, New York, NY, for Petitioner.

Charles Enloe, Paul Maitland Geier, Christopher Scott Perry, Peter J. Plocki, U.S. Department of Transportation (Tran) Office of General Counsel, Washington, DC, for Respondents.

Before: Garland, Chief Judge, and Henderson and Wilkins, Circuit Judges.

## JUDGMENT

Per Curiam

This petition for review and for a writ of mandamus was considered on the record and the briefs of the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED AND ADJUDGED** that the petition for review and for a writ of mandamus be denied.

Petitioner IQ Products Company challenges a decision of the Department of Transportation (DOT) not to bring an enforcement action against the WD-40 Company under DOT's hazardous materials regulations. The regulations prohibit the manufacture and transportation of aerosol containers that exhibit "permanent deformation." 49 C.F.R. §§ 171.1, 173.306(a)(3)(v). In particular, IQ Products challenges a DOT letter, which announced the Department's determination that "WD-40 is not in violation" of the regulations and explained that, although investigators observed "negligible deformation" of WD-40 cans, such deformation "did not constitute permanent deformation." J.A. 79-82. These challenges, both to DOT's decision not to take an enforcement action and to its letter explaining that decision, are unreviewable under *Heckler v. Chaney*, 470 U.S. 821, 831-32, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985), and *Crowley Caribbean Transport, Inc. v. Pena*, 37 F.3d 671, 676 (D.C. Cir. 1994).

IQ Products also asks the court to compel DOT to respond to its letters seeking interpretive guidance and requesting reconsideration of the Department's non-enforcement decision. This court lacks authority to grant petitioner's requested relief. A threshold requirement of mandamus jurisdiction is that the agency have a clear duty to act. *See Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016). Nothing in the regulation IQ Products cites compels an agency response, *see* 49 C.F.R. § 105.20, and IQ Products identifies no other source of law for such a duty. The same problem precludes relief under the Administrative Procedure Act, 5 U.S.C. § 706(1), as well. *See Norton v. So. Utah Wilderness All.*, 542 U.S. 55, 64, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate in the petition for review until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED R. APP. P. 41(b); D.C. CIR. R. 41.